IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Jerome M. Davis, et al, <br><br> Appellants, <br><br> v. <br><br> CitiMortgage, Inc., <br><br> Appellee. | Case No. 3:19-cv-50299 <br><br> Honorable Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

Jerome M. Davis and Lynne-Ternoir Davis (Appellants) removed this foreclosure action to federal Bankruptcy Court for the Northern District of Illinois, Western Division. Dkt. 1-5, at 1. That court then remanded the action back to state court for lack of subject-matter jurisdiction. The bankruptcy court also granted attorneys' fees. Dkt. 1. Appellants then filed notice of appeal to this Court. *Id.* CitiMortgage (Appellee) then filed the instant motion to dismiss or, alternatively, to affirm the bankruptcy court's remand order. Dkt. 5. Appellee argues (1) that this Court cannot review the bankruptcy court's order to remand, (2) that the Appellants waived their right to appeal, (3) that the appeal should be summarily affirmed on the merits if necessary, and (4) that this Court should award fees for what Appellee sees as a frivolous appeal. Dkt. 5, at 6, 8, 10.

Because Appellants failed to satisfy its burden to assure the bankruptcy court of its subject-matter jurisdiction, this Court affirms the order to remand the action back to state court and to award fees. Although the Court affirms the

1

bankruptcy court's decision, Appellants will not be charged additional fees at this time. Contrary to Appellee's argument, Appellants' appeal was not statutorily barred. Thus, the Court, in its discretion, determines that additional sanctions of attorneys' fees are unwarranted.

## I. Appeal of a bankruptcy court remand

Appellee first argues that appellants' appeal of the bankruptcy court's remand order is barred by 28 U.S.C. §§ 1447(d) and 1452(b). Dkt. 5, at 6–7. But Appellee confuses appeals with Article III confirmation of adjunct opinions. The cited statutes do not bar this Court from reviewing bankruptcy court remand orders. Section 1447(d) reads: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . ." 28 U.S.C. § 1447(d). Section 1452(b), which in the main is titled "Removal of claims related to bankruptcy cases" reads:

> The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, *is not reviewable by appeal or otherwise by the court of appeals* under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

28 U.S.C. § 1452(b) (emphasis added).

First, the Court begins with the plain text of the statutes in question. Section 1452(b) plainly and unambiguously bars appellate review of remand orders by the courts of appeals or the Supreme Court. This Court is neither. Furthermore, Appellee's reliance on case law discussing appeals of district court decisions to

2

courts of appeal, including *Things Remembered v. Petrarca*, 516 U.S. 124 (1995), does not save the argument. Those cases clearly fall within the plain text of the statute.

Even reading Section 1452(b) together with Section 1447, as *Things Remembered* instructs, Appellee still cannot prevail on this argument because it confuses appellate review with confirmation by an Article III court of the bankruptcy court's decision. The Bankruptcy Act of 1978 eliminated the referee system and established the bankruptcy courts as adjuncts to the district court of the district in which they sit. *N. Pipeline Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 53 (1982). *Northern Pipeline* then held the bankruptcy courts unconstitutional because they exercised Article III judicial power without being Article III courts. *Id.* at 87.

Congress responded in 1984 by passing the Bankruptcy Amendments and Federal Judgeship Act, which reconstituted the bankruptcy courts as units of the district courts and bankruptcy judges as officers of the district court. 28 U.S.C. § 151. The Act also provided that "[b]ankruptcy judges may hear and determine all cases under title 11 . . . and may enter appropriate orders and judgments, subject to review under section 158 of this title." 28 U.S.C. § 157. This review is necessary because "[t]he judicial power of the United States must be exercised by courts having the attributes prescribed in Art. III." *Northern Pipeline*, 458 U.S. at 59. Thus, the deprivation of judicial review by this Court of a decision from the bankruptcy court would fail to comport with the strictures of Article III.

**II. Waiver of the right to appeal**

Appellee argues that Appellants waived their right to review in this Court because they failed to respond to the motion to remand in the bankruptcy court. Appellants respond that they were not given a chance to respond and that they were concerned that the bankruptcy court may lack jurisdiction. Dkt. 13, at 14. Because Appellants waived the argument presented, the Court affirms the decision of the bankruptcy court.

After Appellants removed this case from state court to federal bankruptcy court, Appellee filed a motion in that court to remand back to state court for lack of jurisdiction. CitiMortgage Inc.'s Motion to Remand, *CitiMortgage, Inc. v. Davis* (*In re* Davis), No. 19-96022 (Bankr. N.D. Ill. Oct. 16, 2019), ECF No. 9. The bankruptcy judge then set a deadline of October 25, 2019, for Appellants to file a written response to the court detailing the basis for federal jurisdiction. *Id.* at ECF No. 16. Instead of complying with that deadline, and thus satisfying the bankruptcy court's jurisdictional concerns, the Appellants filed motions—on the day of the deadline—to stay and withdraw the reference. *Id.* at ECF 17–20. Because the deadline had passed for Appellants to file a written notice of the basis for jurisdiction, the bankruptcy court issued its order remanding the case without the aid of Appellants' argument. *Id.* at ECF 23–24. *See generally Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (explaining that without jurisdiction, the court has no power to continue).

4

Federal courts always have the power to determine their own jurisdiction. *Bayo v. Napolitano*, 593 F.3d 495, 500 (7th Cir. 2010). The bankruptcy court afforded Appellants the opportunity to explain the basis for jurisdiction. After all, it was Appellants that removed the case to federal court, and they had the burden to establish jurisdiction. They failed to even attempt to meet that burden and have thus waived the argument. Because the bankruptcy judge's decision to award fees is sound and well-reasoned, that decision is also affirmed. Appellants are warned that litigation gamesmanship has no place in the Stanley J. Roszkowski United States Courthouse. Judge Lynch is far too busy to be saddled with shenanigans.

### III. Conclusion

For the reasons stated above, the Court affirms the decision of the bankruptcy court. Appellee's motion to dismiss is granted. This action is remanded to the Circuit Court of the Twenty-Second Judicial Circuit, McHenry County, Illinois.

Date: December 17, 2020

_____
Honorable Iain D. Johnston
United States District Judge
Northern District of Illinois
Western Division